UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAINTIFFS DEMAND TRIAL BY JURY

--------------------------------------------------------------------x

WARREN KESSELMAN, on behalf of himself and all other
persons similarly situated, WANDA BENTLEY, on behalf
of herself and all other persons similarly situated,
ZOE CHAIT, on behalf of herself and all other persons
similarly situated, ADRIENNE HASKELL, on behalf of
herself and all other persons similarly situated,
MURRAY EISENMAN, on behalf of himself and all
other persons similarly situated, AMELIA TRINCHESE,
on behalf of herself and all other persons similarly situated,
PARBATIE RAM, on behalf of herself and all other persons
similarly situated, YVONNE PRESCOTT, on behalf of
herself and all other persons similarly situated, CARLINE
JEAN-PIERRE on behalf of herself and all other persons
similarly situated and MARION FORRESTER, on behalf
of herself and all other persons similarly situated,



08 CV 7417

                                        Plaintiffs,

        -against-                                        COMPLAINT

THE RAWLINGS COMPANY LLC, HEALTHCARE
RECOVERIES, INC., INGENIX, INC., MERIDIAN
RESOURCE COMPANY, LLC, AETNA HEALTH INC.,
d/b/a AETNA HEALTH INSURANCE COMPANY OF
NEW YORK, HEALTH NET OF NEW YORK, INC.,
HEALTH INSURANCE PLAN OF GREATER NEW YORK,
d/b/a HIP INSURANCE COMPANY OF NEW YORK,
UNITED HEALTHCARE OF NEW YORK, INC.
d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF
NEW YORK, EMPIRE HEALTHCHOICE ASSURANCE, INC.,
d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, EMPIRE
HEALTHCHOICE HMO, INC., d/b/a EMPIRE BLUE CROSS
AND BLUE SHIELD, OXFORD HEALTH PLANS LLC f/k/a
OXFORD HEALTH PLANS, INC., AMALGAMATED
LIFE INSURANCE COMPANY, GROUP HEALTH
INCORPORATED, and CORPORATE DOES NOS. 1-1299



                                        Defendants.

--------------------------------------------------------------------x

        Plaintiffs, on behalf of themselves and all other persons similarly situated, state, upon

information and belief, as follows:

## INTRODUCTION, JURISDICTION AND VENUE

1.     This is an action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001, et. seq. ("ERISA") and within the jurisdiction of this Court pursuant to 29 U.S.C. 1132 (e).

2.     The Plaintiff, WARREN KESSELMAN, was and still is a resident of the County and State of New York.

3.     The Plaintiff, WANDA BENTLEY, was and still is a resident of the County and State of New York.

4.     The Plaintiff, ZOE CHAIT, was and still is a resident of the County of New York, State of New York.

5.     The Plaintiff, ADRIENNE HASKELL, was and still is a resident of the County of Kings, State of New York.

6.     The Plaintiff, MURRAY EISENMAN, was and still is a resident of the County of Nassau, State of New York.

7.     The Plaintiff, AMELIA TRINCHESE, was and still is a resident of the County of Queens, State of New York.

8.     The Plaintiff, PARBATIE RAM, was and still is a resident of the County of Suffolk, State of New York.

9.     The Plaintiff, YVONNE PRESCOTT, is a resident of Sumter, State of South Carolina.

10.     The Plaintiff, CARLINE JEAN-PIERRE, is a resident of the State of Florida.

11.     The Plaintiff, MARION FORRESTER, is a resident of the County and State of New York.

## PARTIES

12.    At all times material hereto, Plaintiff, WARREN KESSELMAN, as well as other class members, were insured under a health insurance policy issued by Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK, a New York Not-For-Profit Corporation.

13.    At all times material hereto, Plaintiff WANDA BENTLEY, as well as other class members, were insured under a health insurance policy issued by Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC, a New York Corporation.

14.    At all times material hereto, Plaintiff ZOE CHAIT, as well as other class members, were insured under a health insurance policy issued by Defendant AETNA HEALTH INC., d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, a New York Corporation.

15.    At all times material hereto, Plaintiff ADRIENNE HASKELL, as well as other class members, were insured under a health insurance policy issued by Defendant HEALTH NET OF NEW YORK, INC., a New York Corporation.

16.    At all times material hereto, Plaintiff MURRAY EISENMAN, as well as other class members, were insured under a health insurance policy issued by Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation.

17.    At all times material hereto, Plaintiff AMELIA TRICHESE, as well as other class members, were insured under a health insurance policy issued by Defendant UNITED HEALTHCARE OF NEW YORK, INC.   d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, a New York Corporation.

18.    At all times material hereto, Plaintiff PARBATIE RAM, as well as other class members, were insured under a health insurance policy issued by Defendant AMALGAMATED LIFE INSURANCE COMPANY, a Virginia Corporation.

3

19.    At all times material hereto, Plaintiff YVONNE PRESCOTT, as well as other class members, were insured under a health insurance policy issued by Defendant GROUP HEALTH INCORPORATED, a New York Not-For-Profit Corporation.

20.    At all times material hereto, Plaintiff, CARLINE JEAN-PIERRE as well as other class members, were insured under a health insurance policy issued by Defendant, AETNA HEALTH INC., d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, a New York Corporation.

21.    At all times material hereto, Plaintiff MARION FORRESTER, as well as other class members, were insured under a health insurance policy issued by Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC, a New York Corporation.

22.    At all times material hereto, the administration of the health insurance policies referred to herein are governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001, et. seq. ("ERISA").

23.    At all times material hereto, the Defendants referred to in Paragraphs 10 through 17 herein were and still are insurance companies authorized and licensed to issue health insurance policies within the State of New York.

24.    At all times material hereto, the Defendants THE RAWLINGS COMPANY LLC, a Kentucky Limited Liability Company, provided subrogation services for the Defendants HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK, OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC., AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, HEALTH NET OF NEW YORK, INC., as well as for CORPORATE DOES NOS. 1-100, currently unknown.

25.    At all times material hereto, the Defendants THE RAWLINGS COMPANY LLC, a Kentucky Limited Liability Company, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendants HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK, OXFORD HEALTH PLANS LLC f/k/a

4

OXFORD HEALTH PLANS, INC., AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, HEALTH NET OF NEW YORK, INC., as well as for CORPORATE DOES NOS. 1-100, currently unknown.

26.    At all times material hereto, the Defendants HEALTHCARE RECOVERIES, INC., a Delaware Corporation, provided subrogation services for the Defendant AMALGAMATED LIFE INSURANCE COMPANY, GROUP HEALTH INCORPORATED, as well as for CORPORATE DOES NOS. 101-200, currently unknown.

27.    At all times material hereto, the Defendants HEALTHCARE RECOVERIES, INC., a Delaware Corporation, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant AMALGAMATED LIFE INSURANCE COMPANY, GROUP HEALTH INCORPORATED, as well as for CORPORATE DOES NOS. 101-200, currently unknown.

28.    At all times material hereto, the Defendants INGENIX, INC., a Delaware Corporation, provided subrogation services for the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, as well as for CORPORATE DOES NOS. 201-300, currently unknown.

29.    At all times material hereto, the Defendants INGENIX, INC., a Delaware Corporation, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, as well as for CORPORATE DOES NOS. 201-300, currently unknown.

30.    At all times material hereto, the Defendants MERIDIAN RESOURCE COMPANY, LLC., a Wisconsin Limited Liability Company, provided subrogation services for the Defendant, EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, as well as for CORPORATE DOES NOS. 301-400, currently unknown.

31.    At all times material hereto, the Defendants MERIDIAN RESOURCE COMPANY, LLC., a Wisconsin Limited Liability Company, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant, EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, as well as for CORPORATE DOES NOS. 301-400, currently unknown.

32.    At all times material hereto, the Defendants CORPORATE DOES NOS. 401-500, currently unknown, provided subrogation services for the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK.

33.    At all times material hereto, the Defendants CORPORATE DOES NOS. 401-500, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK.

34.    At all times material hereto, the Defendants CORPORATE DOES NOS. 501-600, currently unknown, provided subrogation services for the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC.

35.    At all times material hereto, the Defendants CORPORATE DOES NOS. 501-600, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC.

36.    At all times material hereto, the Defendants CORPORATE DOES NOS. 601-700, currently unknown, provided subrogation services for the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK.

37.    At all times material hereto, the Defendants CORPORATE DOES NOS. 601-700, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK.

38.    At all times material hereto, the Defendants CORPORATE DOES NOS. 701-800, currently unknown, provided subrogation services for the Defendant HEALTH NET OF NEW YORK, INC.

39.    At all times material hereto, the Defendants CORPORATE DOES NOS. 701-800, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant HEALTH NET OF NEW YORK, INC.

40.    At all times material hereto, the Defendants CORPORATE DOES NOS. 801-900, currently unknown, provided subrogation services for the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD.

41.    At all times material hereto, the Defendants CORPORATE DOES NOS. 801-900, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD.

42.    At all times material hereto, the Defendants CORPORATE DOES NOS. 901-1000, currently unknown, provided subrogation services for the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK.

43.    At all times material hereto, the Defendants CORPORATE DOES NOS. 901-1000, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK.

44.    At all times material hereto, the Defendants CORPORATE DOES NOS. 1001-1100, currently unknown, provided subrogation services for the Defendant AMALGAMATED LIFE INSURANCE COMPANY.

45.     At all times material hereto, the Defendants CORPORATE DOES NOS. 1001-1100, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant AMALGAMATED LIFE INSURANCE COMPANY.

46.     At all times material hereto, the Defendants CORPORATE DOES NOS. 1101-1199, currently unknown, provided subrogation services for the Defendant GROUP HEALTH INCORPORATED.

47.     At all times material hereto, the Defendants CORPORATE DOES NOS. 1101-1199, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendant GROUP HEALTH INCORPORATED.

48.     At all times material hereto, the Defendants CORPORATE DOES NOS. 1200-1299, currently unknown, provided subrogation services for the Defendants CORPORATE DOES NOS. 1-400, currently unknown.

49.     At all times material hereto, the Defendants CORPORATE DOES NOS. 1200-1299, currently unknown, acted as a debt collector for and/or debt collector for and/or collection agency of the Defendants CORPORATE DOES NOS. 1-400, currently unknown.

## COMMON ALLEGATIONS

50.     That during the time the above-referenced insurance policies were in effect, the Plaintiffs and all other class members timely paid their respective premiums, complied with all of the terms of their respective policies.

51.     That all conditions precedent including the exhaustion of administrative remedies to maintaining this action have been performed or have occurred or are futile.

52.     That during the time the above-referenced insurance policies were in effect, the Plaintiffs and all other class members were all New York residents, were all involved in a motor vehicle accident in New York State and all sustained personal injuries as a result of said motor vehicle accident.

53.    That each of the Plaintiffs and all other class members were "Covered Persons", as defined by Article 51 of the New York State Insurance Law, by a No-Fault insurance policy, wherein said No-Fault insurance policy provided them with at a minimum of fifty thousand ($50,000.00) for "Basic Economic Loss".

54.    That as a result of the above-referenced motor vehicle accidents, each of the respective Plaintiffs as well as other class members had a personal injury claim presented on their behalf resulting in a recovery for "non-economic loss", limited to pain and suffering only, with no recovery for "Basic Economic Loss" or medical bills.

55.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK, issued payments under the Plaintiff WARREN KESSELMAN's health insurance policy for medical bills, as well as for other class members.

56.    That the health insurance policy issued by the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK, had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff WARREN KESSELMAN or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

57.    That the health insurance policy issued by the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK, had a reimbursement provision providing it the right to be reimbursed from the Plaintiff WARREN KESSLEMAN or other class members' recovery from a responsible party.

58.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK asserted a lien against and demanded reimbursement from the Plaintiff WARREN KESSELMAN's recovery, as well as from other class members, via correspondences dated

December 7, 2007, January 14, 2008, February 11, 2008, April 28, 2008, June 30, 2008 and July 2, 2008, copies of which are annexed hereto as Exhibit 1 and incorporated herein in their entirety.

59.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant HEALTH INSURANCE PLAN OF GREATER NEW YORK d/b/a HIP INSURANCE COMPANY OF NEW YORK undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff WARREN KESSLEMAN and/or Plaintiff's attorney via correspondences dated December 7, 2007, January 14, 2008, February 11, 2008, April 28, 2008, June 30, 2008 and July 2, 2008, copies of which are annexed hereto as Exhibit 1 and incorporated herein in their entirety as well as against other class members.

60.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC. issued payments under the Plaintiff WANDA BENTLEY's health insurance policy for medical bills, as well as for other class members.

61.    That the health insurance policy issued by the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC. had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff WANDA BENTLEY or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

62.    That the health insurance policy issued by the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC., had a reimbursement provision providing it the right to be reimbursed from the Plaintiff WANDA BENTLEY or other class members' recovery from a responsible party.

63.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant, OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC. asserted a lien against and demanded reimbursement from the Plaintiff WANDA BENTLEY'S recovery, as well as from other class members, via correspondences dated March 19, 2008 and April 17, 2008, copies of which

are annexed hereto as Exhibit 2 and incorporated herein in their entirety.

64.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC., undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff WANDA BENTLEY and/or Plaintiff's attorney via correspondences dated March 19, 2008 and April 17, 2008, copies of which are annexed hereto as Exhibit 2 and incorporated herein in their entirety, as well as against other class members.

65.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK issued payments under the Plaintiff ZOE CHAIT's health insurance policy for medical bills, as well as for other class members.

66.    That the health insurance policy issued by the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff ZOE CHAIT or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

67.    That the health insurance policy issued by the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK had a reimbursement provision providing it the right to be reimbursed from the Plaintiff ZOE CHAIT or other class members' recovery from a responsible party.

68.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, asserted a lien against and demanded reimbursement from the Plaintiff ZOE CHAIT'S recovery, as well as from other class members, via correspondences dated January 23, 2006, March 3, 2006, March 19, 2006, April 27, 2006, June 21, 2006, July 18, 2006, November 20, 2006, December 30, 2006, March 20, 2007, June 12, 2007, July 1, 2008 and July 7, 2008, copies of which are annexed

hereto as Exhibit 3 and incorporated herein in their entirety.

69.     That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff ZOE CHAIT and/or Plaintiff's attorney via correspondences dated January 23, 2006, March 3, 2006, April 27, 2006, May 19, 2006, June 21, 2006, July 18, 2006, November 20, 2006, December 30, 2006, March 20, 2007, June 12, 2007, July 1, 2008 and July 7, 2008, copies of which are annexed hereto as Exhibit 3 and incorporated herein in their entirety, as well as against other class members.

70.     That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant HEALTH NET OF NEW YORK, INC. issued payments under the Plaintiff ADRIENNE HASKELL's health insurance policy for medical bills, as well as for other class members.

71.     That the health insurance policy issued by the Defendant HEALTH NET OF NEW YORK, INC. had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff ADRIENNE HASKELL or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

72.     That the health insurance policy issued by the Defendant HEALTH NET OF NEW YORK, INC. had a reimbursement provision providing it the right to be reimbursed from the Plaintiff ADRIENNE HASKELL's or other class members' recovery from a responsible party.

73.     That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant HEALTH NET OF NEW YORK, INC., asserted a lien against and demanded reimbursement from the Plaintiff ADRIENNE HASKELL's recovery, as well as from other class members, via correspondences dated June 2, 2005, July 21, 2005, September 20, 2005, October 9, 2005, November 9, 2006 and January 26, 2007, copies of which are annexed hereto as Exhibit 4 and incorporated herein in their entirety.

74.     That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant HEALTH NET OF NEW YORK, INC., undertook various prohibited collection efforts and unfair

claims practices by contacting Plaintiff ADRIENNE HASKELL's and/or Plaintiff's attorney via correspondences dated June 2, 2005, July 21, 2005, September 20, 2005, October 9, 2005, November 9, 2006 and January 26, 2007, copies of which are annexed hereto as Exhibit 4 and incorporated herein in their entirety, as well as against other class members.

75.     That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD issued payments under the Plaintiff MURRAY EISENMAN's health insurance policy for medical bills, as well as for other class members.

76.     That the health insurance policy issued by the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff MURRAY EISENMAN or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

77.     That the health insurance policy issued by the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD had a reimbursement provision providing it the right to be reimbursed from the Plaintiff MURRAY EISENMAN's or other class members' recovery from a responsible party.

78.     That the Defendant MERIDIAN RESOURCE COMPANY, LLC, on behalf of the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, asserted a lien against and demanded reimbursement from the Plaintiff MURRAY EISENMAN's recovery, as well as from other class members, via correspondences dated November 28, 2000, January 31, 2001, and March 15, 2002, copies of which

are annexed hereto as Exhibit 5 and incorporated herein in their entirety.

79.     That the Defendant MERIDIAN RESOURCE COMPANY, LLC, on behalf of the Defendant EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff MURRAY EISENMAN's and/or Plaintiff's attorney via correspondences dated  November 28, 2000, January 31, 2001, and March 15, 2002, copies of which are annexed hereto as Exhibit 5 and incorporated herein in their entirety, as well as against other class members.

80.     That as a result of the aforementioned claim from Defendant MERIDIAN RESOURCE COMPANY, LLC and HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, the Plaintiff MURRAY EISENMAN, as well as other class members, issued payment to said Defendant MERIDIAN RESOURCE COMPANY, LLC, in the amount of $1,699.21 on May 6, 2002 out of its recovery.

81.     At all times material hereto, Plaintiff MURRAY EISENMAN, and/or Plaintiff's attorney as well as other class members, requested copies of their insurance policies, contractual information as well as itemizations as to the basis of liens from MERIDIAN RESOURCE COMPANY, LLC as more fully set forth in a letter dated February 21, 2002 annexed hereto as Exhibit 6 and incorporated herein in its entirety.

82.     MERIDIAN RESOURCE COMPANY, LLC and/or EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, a New York Corporation and/or EMPIRE HEALTHCHOICE HMO, INC. d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD failed to respond or comply with such request in violation of 29 U.S.C. 1132, et seq.

83.     That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE

14

COMPANY OF NEW YORK issued payments under the Plaintiff AMELIA TRINCHESE's health insurance policy for medical bills, as well as for other class members.

84.    That the health insurance policy issued by the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff AMELIA TRINCHESE or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

85.    That the health insurance policy issued by the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK had a reimbursement provision providing it the right to be reimbursed from the Plaintiff AMELIA TRINCHESE's or other class members' recovery from a responsible party.

86.    That the Defendant INGENIX, INC., on behalf of the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, asserted a lien against and demanded reimbursement from the Plaintiff AMELIA TRINCHESE's recovery, as well as from other class members, via correspondences dated January 24, 2008 and July 17, 2008, copies of which are annexed hereto as Exhibit 7 and incorporated herein in their entirety.

87.    That the Defendant INGENIX, INC., on behalf of the Defendant UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff AMELIA TRINCHESE's and/or Plaintiff's attorney via correspondences dated January 24, 2008 and July 17, 2008, copies of which are annexed hereto as Exhibit 6 and incorporated herein in their entirety, as well as against other class members.

88.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant AMALGAMATED LIFE INSURANCE COMPANY issued payments under the Plaintiff PARBATIE RAM's health insurance policy for medical bills, as well as for other class members.

15

89.    That the health insurance policy issued by the Defendant AMALGAMATED LIFE INSURANCE COMPANY had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff PARBATIE RAM or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

90.    That the health insurance policy issued by the Defendant AMALGAMATED LIFE INSURANCE COMPANY. had a reimbursement provision providing it the right to be reimbursed from the Plaintiff PARBATIE RAM's or other class members' recovery from a responsible party.

91.    That the Defendant HEALTHCARE RECOVERIES, INC. on behalf of the Defendant AMALGAMATED LIFE INSURANCE COMPANY, asserted a lien against and demanded reimbursement from the Plaintiff PARBATIE RAM's recovery, as well as from other class members, via correspondences dated June 28, 2006, August 22, 2006, May 14, 2007 and April 24, 2008, copies of which are annexed hereto as Exhibit 8 and incorporated herein in their entirety.

92.    That the Defendant HEALTHCARE RECOVERIES, INC. on behalf of the Defendant AMALGAMATED LIFE INSURANCE COMPANY, undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff PARBATIE RAM's and/or Plaintiff's attorney via correspondences dated June 28, 2006, August 22, 2006, May 14, 2007 and April 24, 2008, copies of which are annexed hereto as Exhibit 8 and incorporated herein in their entirety, as well as against other class members.

93.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant GROUP HEALTH INCORPORATED issued payments under the Plaintiff YVONNE PRESCOTT's health insurance policy for medical bills, as well as for other class members.

94.    That the health insurance policy issued by the Defendant GROUP HEALTH INCORPORATED had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff YVONNE PRESCOTT or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

95.    That the health insurance policy issued by the Defendant GROUP HEALTH

INCORPORATED had a reimbursement provision providing it the right to be reimbursed from the Plaintiff YVONNE PRESCOTT's or other class members' recovery from a responsible party.

96.    That the Defendant HEALTHCARE RECOVERIES, INC. on behalf of the Defendant GROUP HEALTH INCORPORATED, asserted a lien against and demanded reimbursement from the Plaintiff YVONNE PRESCOTT's recovery, as well as from other class members, via correspondences dated January 11, 2006, January 25, 2006, May 16, 2006 and July 1, 2008, copies of which are annexed hereto as Exhibit 9 and incorporated herein in their entirety.

97.    That the Defendant HEALTHCARE RECOVERIES, INC. on behalf of the Defendant GROUP HEALTH INCORPORATED, undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff YVONNE PRESCOTT's and/or Plaintiff's attorney via correspondences dated January 11, 2006, January 25, 2006, May 16, 2006 and July 1, 2008, copies of which are annexed hereto as Exhibit 9 and incorporated herein in their entirety, as well as against other class members.

98.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK issued payments under the Plaintiff CARLINE JEAN-PIERRE's health insurance policy for medical bills, as well as for other class members.

99.    That the health insurance policy issued by the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff CARLINE JEAN-PIERRE or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

100.    That the health insurance policy issued by the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK had a reimbursement provision providing it the right to be reimbursed from the Plaintiff CARLINE JEAN-PIERRE's or other class members' recovery from a responsible party.

101.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, asserted a lien against and demanded reimbursement from the Plaintiff CARLINE JEAN-PIERRE's recovery, as well as from other class members, via correspondences dated December 16, 2003 and December 17, 2003, copies of which are annexed hereto as Exhibit 10 and incorporated herein in their entirety.

102.    That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff CARLINE JEAN-PIERRE's and/or Plaintiff's attorney via correspondences, dated December 16, 2003 and December 17, 2003 copies of which are annexed hereto as Exhibit 10 and incorporated herein in their entirety, as well as against other class members.

103.    That as a result of the aforementioned claim from Defendant THE RAWLINGS COMPANY LLC and AETNA HEALTH INC. d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, the Plaintiff CARLINE JEAN-PIERRE, as well as other class members, issued payment to said Defendant THE RAWLINGS COMPANY LLC, in the amount of $545.00 on January 13, 2004 out of its recovery.

104.    That prior to the exhaustion of the aforesaid No-Fault insurance policy, the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC. issued payments under the Plaintiff MARION FORRESTER health insurance policy for medical bills, as well as for other class members.

105.    That the health insurance policy issued by the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC. had a subrogation provision providing it the right to be subrogated for any rights of recovery the Plaintiff MARION FORRESTER or other class members had against a responsible party to the full extent of benefits provided or to be provided by said Defendant.

18

106. That the health insurance policy issued by the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC., had a reimbursement provision providing it the right to be reimbursed from the Plaintiff MARION FORRESTER or other class members' recovery from a responsible party.

107. That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant, OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC. asserted a lien against and demanded reimbursement from the Plaintiff MARION FORRESTER recovery, as well as from other class members, via correspondences dated April 7, 2005 and May 2, 2005, copies of which are annexed hereto as Exhibit 11 and incorporated herein in their entirety.

108. That the Defendant THE RAWLINGS COMPANY LLC, on behalf of the Defendant OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC., undertook various prohibited collection efforts and unfair claims practices by contacting Plaintiff MARION FORRESTER and/or Plaintiff's attorney via correspondences dated April 7, 2005 and May 2, 2005, copies of which are annexed hereto as Exhibit 11 and incorporated herein in their entirety, as well as against other class members.

109. At all times material hereto, Plaintiff, MARION FORRESTER and/or Plaintiff's attorney, as well as other class members, requested copies of their insurance policies, contractual information as well as itemizations from THE RAWLINGS COMPANY LLC as to the basis of liens from as more fully set forth in a letter dated April 19, 2005 annexed hereto as Exhibit 12 and incorporated herein in its entirety.

110. THE RAWLINGS COMPANY LLC, on behalf of the Defendant, OXFORD HEALTH PLANS LLC f/k/a OXFORD HEALTH PLANS, INC failed to respond or comply with such request in violation of 29 U.S.C. 1132, et seq.

## JURY DEMAND

NOW COMES the Plaintiffs herein who demand a trial by jury.


Yours, etc.,

GOLDBERG & CARLTON, PLLC
Co-Attorneys for Plaintiff
31 East 32nd Street
New York, New York 10016
(212) 683-9559

By _____
    ROBERT H. GOLDBERG (RG8028)


LAW OFFICES OF MICHAEL M. GOLDBERG, P.C.
Co-Attorneys for Plaintiff
31 East 32nd Street - 4th Floor
New York, New York 10016
(212) 481-0011

By _____
    MICHAEL M. GOLDBERG MG2688)

33

EXHIBIT 1

The Rawlings Company LLC

December 07, 2007

Mr. Michael Goldberg, Esq.
Attorney At Law
319 5th Ave. Frnt. 3
New York, NY 10016

Re:     Our Client:          HIP of Greater New York
        Member/Patient:      WARREN KESSELMAN/WARREN KESSELMAN
        Date of Loss:        9/7/2007
        Our File No.:        07HIP1200020

## NOTICE OF CLAIM

Dear Mr. Goldberg, Esq.:

Our client, HIP of Greater New York, has paid claims for medical treatment that may be related to injuries sustained by WARREN KESSELMAN in a motor vehicle accident. We have been asked to determine whether, as a result of these payments, our client has a subrogation or reimbursement interest. If WARREN KESSELMAN qualifies for no-fault or personal injury protection (PIP), med-pay or other first party benefits, we intend to pursue such coverage as a source of recovery and will attempt to satisfy our client's claim accordingly.

If we are unable to resolve our client's claim with the first party carrier, however, we reserve our client's right to recover to the extent permitted by law from any settlement, judgment or other recovery collected on WARREN KESSELMAN's behalf.

We appreciate you and your client's good faith cooperation with our efforts to protect the health plan's interest. In order to assist us in pursuing recovery from the first-party carrier, please provide a copy of any PIP payment log, IME report, or denial of benefits (NF-10). Further, please complete the enclosed Request For Claim Information. We may, in the future, need additional information such as bill copies, medical records, and doctor's notes, but we will make every effort to limit our requests to those that are necessary for us to secure payment of our client's claim.

Thank you for your anticipated cooperation.

Sincerely,

Nathan Raque
Recovery Analyst
(502) 814-2156
FAX: (502) 753-7038 or 502-587-5558
njr@rawlingscompany.com

...mpany LLC

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 587-1279

April 28, 2008

Mr. Michael Goldberg, Esq.
Attorney At Law
31 East 32nd Street
4th Floor
New York, NY 10016

Re:     Our Client:             HIP of Greater New York
        Member/Patient: WARREN KESSELMAN/WARREN KESSELMAN
        Date of Loss:           9/7/2007
        Our File No.:           07HIP1200020

### NOTICE OF CLAIM

Dear Mr. Goldberg, Esq.:

Our client, HIP of Greater New York, has paid claims for medical treatment that may be related to injuries sustained by WARREN KESSELMAN in a motor vehicle accident. We have been asked to determine whether, as a result of these payments, our client has a subrogation or reimbursement interest. If WARREN KESSELMAN qualifies for no-fault or personal injury protection (PIP), med-pay or other first party benefits, we intend to pursue such coverage as a source of recovery and will attempt to satisfy our client's claim accordingly.

If we are unable to resolve our client's claim with the first party carrier, however, we reserve our client's right to recover to the extent permitted by law from any settlement, judgment or other recovery collected on WARREN KESSELMAN's behalf.

We appreciate you and your client's good faith cooperation with our efforts to protect the health plan's interest. In order to assist us in pursuing recovery from the first-party carrier, please provide a copy of any PIP payment log, IME report, or denial of benefits (NF-10). Further, please complete the enclosed Request For Claim Information. We may, in the future, need additional information such as bill copies, medical records, and doctor's notes, but we will make every effort to limit our requests to those that are necessary for us to secure payment of our client's claim.

Thank you for your anticipated cooperation.

Sincerely,

Nathan Raque
Recovery Analyst
(502) 814-2156
FAX: (502) 753-7038 or 502-587-5558
njr@rawlingscompany.com

The
# Rawlings Company LLC
Subrogation Division

POST OFFICE BOX 2000
LaGRANGE, KENTUCKY 40031-2000
ONE EDEN PARKWAY
LaGRANGE, KENTUCKY 40031-8100

TELEPHONE (502) 587-8060
TELECOPIER (502) 587-5558

June 30, 2008

Mr. Michael Goldberg, Esq.
Attorney At Law
31 East 32nd Street
4th Floor
New York, NY 10016

Re:  Our Client:        HIP of Greater New York
     Member/Patient:    WARREN KESSELMAN/WARREN KESSELMAN
     Date of Loss:      9/7/2007
     Our File No.:      07HIP1200020
     Your Client:       Warren Kesselman

Dear Mr. Goldberg, Esq.:

As you know, our client has asserted a claim for medical expenses paid on behalf of WARREN KESSELMAN. Please take a few minutes to provide the current status of the matter. For your convenience, **you may fax your response to the number listed below.**

Thank you for your cooperation.

Sincerely,

Nathan Raque
Recovery Analyst
(502) 814-2156
FAX: (502) 753-7038 or 502-587-5558
njr@rawlingscompany.com

Comments: _____

_____

_____

_____

_____

S

**The**
**Rawlings Company** LLC
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 587-1279

July 02, 2008

Mr. Michael Goldberg, Esq.
Attorney At Law
31 East 32nd Street
4th Floor
New York, NY 10016

Re:  Our Client:           HIP of Greater New York
     Member/Patient:       WARREN KESSELMAN/WARREN KESSELMAN
     Date of Loss:          9/7/2007
     Our File No.:          07HIP1200020
     Your Client:           Warren Kesselman
     Reimbursement Due:  $3000.10

Dear Mr. Goldberg, Esq.:

   Our client has previously made a claim for medical benefits paid on behalf of the patient referenced above. It is our understanding that a settlement has been reached regarding the claim the patient made against the responsible third party.

   Please contact me so that arrangements can be made to satisfy our client's claim before the settlement proceeds are disbursed.

                    Sincerely,

                    Nathan Raque
                    Recovery Analyst
                    (502) 814-2156
                    FAX: (502) 753-7038 or 502-587-5558
                    njr@rawlingscompany.com

EXHIBIT 2

**The**
**Rawlings Company** LLC
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 587-1279

March 19, 2008

Mr. Michael Goldberg
Law Offices of Michael M. Goldberg PC
31 East 32nd STreet 4th Floor
New York, NY 10016

Re:    Our Client:         Oxford Health Plan
       Member/Patient:     Wanda Bentley/Wanda Bentley
       Date of Loss:       9/19/2007
       Our File No.:       08OXF0300081
       Your Client:        **Wanda Bentley**

### NOTICE OF LIEN/CLAIM

Dear Mr. Goldberg:

This letter shall serve as notice that our client has a lien/claim for medical benefits paid on behalf of the patient for the above-referenced loss. This lien/claim applies to any amount now due or which may hereafter become payable out of any recovery collected, whether by judgment, settlement or compromise, from any party hereby notified. No settlement of the tort claim, which includes medical expenses, should be made prior to notifying our office of the potential settlement and reaching an agreement for satisfaction of our client's interest.

We are notifying all interested parties of our client's lien/claim. Please provide all pertinent information regarding all parties, their insurance carriers, and/or legal representatives. We expect the member's good faith cooperation with our efforts to protect the health plan's interest, as well as that of any designated representative.

Please acknowledge receipt of this notice and your representation of the patient by completing the enclosed information form and returning it to me as soon as possible. I appreciate your courtesy and cooperation.

Sincerely,

Matthew Rick
Subrogation Recovery Analyst
(502) 753-2777
FAX: 502-753-7010
mr2@rawlingscompany.com

The
**Rawlings Company** LLC
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 587-1279

April 17, 2008

Mr. Michael Goldberg
Law Offices of Michael M. Goldberg PC
31 East 32nd STreet 4th Floor
New York, NY  10016

Re:   Our Client:         Oxford Health Plan
      Member/Patient: Wanda Bentley/Wanda Bentley
      Date of Loss:        9/19/2007
      Our File No.:        08OXF0300081

### NOTICE OF CLAIM

Dear Mr. Goldberg:

Our client, Oxford Health Plan, has paid claims for medical treatment that may be related to injuries sustained by WANDA BENTLEY in a motor vehicle accident. We have been asked to determine whether, as a result of these payments, our client has a subrogation or reimbursement interest. If WANDA BENTLEY qualifies for no-fault or personal injury protection (PIP), med-pay or other first party benefits, we intend to pursue such coverage as a source of recovery and will attempt to satisfy our client's claim accordingly.

If we are unable to resolve our client's claim with the first party carrier, however, we reserve our client's right to recover to the extent permitted by law from any settlement, judgment or other recovery collected on WANDA BENTLEY's behalf.

We appreciate you and your client's good faith cooperation with our efforts to protect the health plan's interest. In order to assist us in pursuing recovery from the first-party carrier, please provide a copy of any PIP payment log, IME report, or denial of benefits (NF-10). Further, please complete the enclosed Request For Claim Information. We may, in the future, need additional information such as bill copies, medical records, and doctor's notes, but we will make every effort to limit our requests to those that are necessary for us to secure payment of our client's claim.

Thank you for your anticipated cooperation.

Sincerely,

Matthew Rick
Subrogation Recovery Analyst
(502) 753-2777
FAX:  502-753-7010
mr2@rawlingscompany.com

EXHIBIT 3

# The Rawlings Company LLC

Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

January 23, 2006

Mr. Michael Goldberg
Attorney
31 East 32nd Street
4th Floor
NY, NY 10016

| Re: | Our Client: | Aetna Health Plans |
|-----|-------------|--------------------|
|     | Member/Patient: | ZOE CHAIT/ZOE CHAIT |
|     | Date of Loss: | 1/13/2005 |
|     | Our File No.: | 06ASI0101819 |

## NOTICE OF CLAIM

Dear Mr. Goldberg:

This letter shall serve as notice that our client has a claim for medical benefits paid on behalf of the patient for the above-referenced loss. This claim applies to any amount now due or which may hereafter become payable out of any recovery collected, whether by judgment, settlement or compromise, from any party hereby notified. No settlement of the tort claim, which includes medical expenses, should be made prior to notifying our office of the potential settlement and reaching an agreement for satisfaction of our client's interest.

We are notifying all interested parties of our client's claim. Please provide all pertinent information regarding all parties, their insurance carriers, and/or legal representatives. We expect the member's good faith cooperation with our efforts to protect the health plan's interest, as well as that of any designated representative.

Please acknowledge receipt of this notice and your representation of the patient by completing the enclosed information form and returning it to me as soon as possible. I appreciate your courtesy and cooperation.

Sincerely,

Jeffrey A. Duggins
Subrogation Analyst
(502) 814-2457
FAX: (502) 753-6800
jad1@rawlingscompany.com

S

# Rawlings & Associates PLLC

325 WEST MAIN STREET, SUITE 1700
LOUISVILLE, KENTUCKY 40202

TELEPHONE (502) 814-2443
TELECOPIER (502) 584-8580

BARBRA K. HARRIS
ATTORNEY AT LAW
LICENSED IN KENTUCKY AND INDIANA

OFFICES ALSO IN:
FLORENCE, KENTUCKY
LOS ANGELES, CALIFORNIA

March 20, 2007

Mr. Michael Goldberg
Attorney
31 East 32nd Street
4th Floor
NY, NY 10016

Re:  Our Client:        Aetna Health Plans
     Member/Patient:    ZOE CHAIT/ZOE CHAIT
     Date of Loss:      1/13/2005
     Our File No.:      06ASI0101819
     Your Client:       Zoe Chait
     Your Number:       NA

Dear Mr. Goldberg:

This letter is to set forth the basis of my client's right of recovery in this matter. The plan pursuant to which your client received benefits is an ERISA qualified self-funded plan. As I am sure you are aware, ERISA qualified self-funded plans enjoy preemption of State laws contradictory to the plan's provisions. The question of whether State law contradicts the plan's recovery provision, however, is largely academic because New York law strongly supports the plan's right of recovery.

New York law recognizes a medical benefits plan's right of recovery as equitable subrogation. Equitable subrogation comes about independent of any contractual language. Federal Ins. Co. v. Arthur Andersen & Co., 552 N.E.2d 870, 872 (N.Y. 1990) (noting that the rights of an insurer against a third party as equitable subrogee arise independent of any agreement). Equitable subrogation rights "accrue upon payment of the loss and are based upon the principle that in equity an insurer, which has been compelled under its policy to pay a loss, ought in fairness to be reimbursed by the party which caused the loss." Id. (citations omitted). Moreover, the doctrine of equitable subrogation is applied liberally in order to protect "insurers that have been compelled by contract to pay the loss caused by the negligence of another." Winkelmann v. Excelsior Ins. Co., 650 N.E.2d 841, 843 (N.Y. 1995). Equitable subrogation insures that the injured party does not recover twice for one harm and insures that the party who caused the damage reimburses "the insurer for the payment the insurer has made." Id.

The Federal Appeals Court for the Second Circuit applied this foundation of New York law in Gibbs. v. Hawaiian Eugenia Corp., 966 F.2d 101 (2nd Cir. 1992). "The general rule is that an insurer's right to subrogation attaches, by operation of law, on paying an insured's loss." Id. at 106. The Federal Court further held that under New York law an insured has a duty not to prejudice or terminate an insurer's subrogation rights. The ruling defines the responsibility of the insured insofar as it applies to the insurer's right of subrogation as follows:

> When an insured settles with or releases a third party from liability for a loss that the third party has caused, the insurer's subrogation right against such party may be destroyed. Where a release of liability given by the insured to a third party destroys the insurer's right to subrogation, such a release bars the insured's right of action on the policy, and, if the insurer has already indemnified the insured, the insurer has a right to recover from the insured the amount paid on the policy. However, if the insurer has not been prejudiced, it may not deny recovery nor may it recover any amount paid on the policy because of a release or settlement. The burden rests on the insured to show that in effecting a settlement and executing a release, he did not prejudice the subrogation rights of the insurer.

6/29/07
already in saga

The plan that covered your client's medical expenses contains both subrogation and reimbursement rights.

After you have reviewed this material, please feel free to contact our analyst Jeffrey A Duggins @502-814-2457 to discuss resolving this matter.  When you are ready to settle the claim with the third party and with us, please allow 7 business days for the analyst to confirm the amount paid in this matter.

Sincerely,

Barbra K. Harris
Associate General Counsel to
The Rawlings Company LLC
(502)  814-24443
FAX: (502) 753-6810

The
**Rawlings Company** LLC

Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

June 12, 2007

Mr. Michael Goldberg
Attorney
31 East 32nd Street
4th Floor
NY, NY 10016

Re:     Our Client:          Aetna Health Plans
        Member/Patient:      ZOE CHAIT/ZOE CHAIT
        Date of Loss:        1/13/2005
        Our File No.:        06ASI0101819
        **Your Client:**     **Zoe Chait**
        Your Number:         NA

Dear Mr. Goldberg:

        As you know, our client has asserted a subrogation and/or reimbursement claim in the matter referenced above. Please provide current information regarding the status of this matter by completing the section below. You may fax your response to my attention at the number listed below. Thank you for your cooperation.

Has suit been filed?   Yes____   No____      If yes, is there a trial date? Yes_____   No____
                                                                          (Date)

Has mediation or arbitration been requested? If yes, is there a date set?  Yes_____   No____
                                                                          (Date)

Is liability clear? Yes____ No____   If questionable, please briefly state issue(s)/ reason(s):

_____

_____

Have settlement discussions occurred? Yes____ No____   If Yes:   Demand: $_____
                                                                Offer: $_____

Comments:

_____

_____

                                Sincerely,

                                Jeffrey A Duggins
                                Senior Subrogation Analyst
                                (502) 814-2457
                                FAX: (502) 753-6800
                                jad1@rawlingscompany.com

S

08 13:50 FAX                                                                      ☑002/004

# The
# Rawlings Company LLC
Subrogation Division

POST OFFICE BOX 2000
LaGRANGE, KENTUCKY 40031-2000
ONE EDEN PARKEWAY
LaGRANGE, KENTUCKY 40031-8100

TELEPHONE (502) 587-8060
TELECOPIER (502) 587-5558

July 01, 2008

Mr. Michael Goldberg
Attorney
31 East 32nd Street
4th Floor
NY, NY 10016

Re:  Our Client:        Aetna Health Plans
     Member/Patient:    ZOE CHAIT/ZOE CHAIT
     Date of Loss:      1/13/2005
     Our File No.:      06ASI0101819
     Your Client:       Zoe Chait
     Your Number:       NA

Dear Mr. Goldberg:

Enclosed, please find a summary of the medical expenses paid by our client on behalf of Zoe Chait.

This summary includes all expenses paid from the date of the accident to the present. If any of the charges are unrelated to the accident, please notify me promptly. This summary is good for settlement purposes for 30 days from the date of this letter. Our office expects to receive $1,323.86 in order to resolve this lien/claim for medical claims paid by Aetna. If you should have any questions, please contact me.

Sincerely,

Jeffrey A Duggins
Senior Subrogation Analyst
(502) 814-2457
FAX: (502) 753-6800
jad1@rawlingscompany.com

Healthcare information is personal and sensitive information, and you, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Disclosure of this information without additional patient consent or as permitted by law is prohibited.

S

**'lings Company** LLC

Subrogation Division

POST OFFICE BOX 2000
LaGrange, Kentucky 40031-2000
ONE EDEN PARKWAY
LaGrange, Kentucky 40031-8100

TELEPHONE (502) 587-8060
TELECOPIER (502) 587-5558

July 07, 2008

Mr. Michael Goldberg
Attorney
31 East 32nd Street
4th Floor
NY, NY 10016

Re:   Our Client:            Aetna Health Plans
      Member/Patient:        ZOE CHAIT/ZOE CHAIT
      Date of Loss:          1/13/2005
      Our File No.:          06ASI0101819
      Your Client:           Zoe Chait
      Reimbursement Due:     $1,323.86

Dear Mr. Goldberg:

Our client has previously made a claim for medical benefits paid on behalf of the patient referenced above. It is our understanding that a settlement has been reached regarding the claim the patient made against the responsible third party.

Please contact me so that arrangements can be made to satisfy our client's claim before the settlement proceeds are disbursed.

If I do not receive a response within 35 days, I will assume you are no longer involved in this matter and will proceed accordingly.

Sincerely,

Jeffrey A Duggins
Senior Subrogation Analyst
(502) 814-2457
FAX: (502) 753-6800
jad1@rawlingscompany.com

CERTIFIED MAIL & FAX

S

EXHIBIT 4



**Health Net®**



June 2, 2005                 Reference No.: 14996905

ADRIENNE HASKELL
APT. 3 54 LEXINGTON AVENUE
BROOKLYN NY  11238

Insured: ADRIENNE HASKELL
Patient: ADRIENNE HASKELL
Date of Treatment: 01/06/2005
Treatment By: CAROL V. DECOSTA, MD

Dear ADRIENNE HASKELL:

Health Net has recently processed a claim for the above listed patient. According to your Health Net contract, whenever a member is injured through the act of another person and is entitled to recovery from another party, Health Net is entitled to reimbursement if the Member receives any recovery for the medical expenses.

We have asked The Rawlings Company to assist us in determining if another party is responsible for payment of the above listed claims. Please complete the questionnaire on the back of this letter and return it to The Rawlings Company in the enclosed postage paid envelope. If no third party is responsible, please indicate that fact as well on the back of the questionnaire.

We appreciate your cooperation. If you need help to complete this form, you may call a Rawlings Company customer service representative to assist you at 1-888-239-1760.

Sincerely,
Health Net



# The Rawlings Company LLC

Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-8060
TELECOPIER (502) 587-5552

July 21, 2005                    Reference No.: 14996905

ADRIENNE HASKELL
APT. 3 54 LEXINGTON AVENUE
BROOKLYN NY  11238

Insured: ADRIENNE HASKELL
Patient: ADRIENNE HASKELL
Date of Treatment: 01/06/2005
Treatment By: CAROL V. DECOSTA, MD

Dear ADRIENNE HASKELL:

Health Net recently sent you a questionnaire as a result of benefits which were paid through your health plan. As mentioned, our firm is working with Health Net in this health plan cost saving program. We have not received your response.

Health Net needs information concerning any claim which may be related to an accident, and therefore might be the responsibility of another person, organization or insurer. This information helps Health Net hold the cost of your health plan to the lowest level possible.

Again, we ask that you please cooperate with your health plan by completing the form on the back of this page concerning the treatment listed above and return it to us in the postage paid envelope.

If there is some reason you have not acted on this request, or if you need help to complete this form, you may call a customer service representative to assist you at 1-888-239-1760.

Sincerely,
Customer Service Department
THE RAWLINGS COMPANY

S

The
**Rawlings Company** LLC

Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

September 20, 2005

Mr. Michael M Goldberg
319 Fifth Ave
3rd Floor
New York, NY 10016

Re:     Our Client:        HN of the NE - Guardian
        Member/Patient:    ADRIENNE HASKELL/ADRIENNE HASKELL
        Date of Loss:      12/03/2004
        Our File No.:      05HNG0900013

                           NOTICE OF CLAIM

Dear Mr. Goldberg:

        This letter shall serve as notice that our client has a claim for medical benefits paid on behalf of the patient for the above-referenced loss. This claim applies to any amount now due or which may hereafter become payable out of any recovery collected, whether by judgment, settlement or compromise, from any party hereby notified. No settlement of the tort claim, which includes medical expenses, should be made prior to notifying our office of the potential settlement and reaching an agreement for satisfaction of our client's interest.

        We are notifying all interested parties of our client's claim. Please provide all pertinent information regarding all parties, their insurance carriers, and/or legal representatives. We expect the member's good faith cooperation with our efforts to protect the health plan's interest, as well as that of any designated representative.

        Please acknowledge receipt of this notice and your representation of the patient by completing the enclosed information form and returning it to me as soon as possible. I appreciate your courtesy and cooperation.

                           Sincerely,

                           Ken Charron
                           Subrogation Analyst
                           (502) 814-2672
                           FAX: (502) 587-5558 / (502) 753-7355
                           kfc@rawlingscompany.com

S

The **Rawlings Company** LLC
Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

October 09, 2005

Mr. Michael M Goldberg
319 Fifth Ave
3rd Floor
New York, NY 10016

Re:     Our Client:        HN of the NE - Guardian
        Member/Patient:    ADRIENNE HASKELL/ADRIENNE HASKELL
        Date of Loss:      12/03/2004
        Our File No.:      05HNG0900013
        Your Client:       Adrienne Haskell
        Your Number:       04-1267

Dear Mr. Goldberg:

    The amount of our client's claim is now **$1,657.73**. As you are aware, the amount of the claim may increase if additional health benefits are paid. Therefore, please contact me prior to settlement to obtain the final amount.

    Thank you for your cooperation.

                    Sincerely,

                    Ken Charron
                    Subrogation Analyst
                    (502) 814-2672
                    FAX: (502) 587-5558 / (502) 753-7355
                    kfc@rawlingscompany.com

Healthcare information is personal and sensitive information, and you, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Disclosure of this information without additional patient consent or as permitted by law is prohibited.

S

# Rawlings&Associates PLLC

325 WEST MAIN STREET, SUITE 1700
LOUISVILLE, KENTUCKY 40202

TELEPHONE (502) 814-2165
TELECOPIER (502) 587-5558

OFFICE ALSO IN:
FLORENCE, KENTUCKY

JEFFREY C. BORDEN
ATTORNEY AT LAW
LICENSED IN KENTUCKY, NORTH CAROLINA & VIRGINIA

January 26, 2007

Mr. Michael M Goldberg
Attorney at Law
319 Fifth Ave
3rd Floor
New York, NY 10016

Re:  Our Client:        HN of the NE – Guardian
     Member/Patient:    ADRIENNE HASKELL/ADRIENNE HASKELL
     Date of Loss:      12/03/04
     Our File No.:      05HNG0900013
     Your Client:       Adrienne Haskell
     Your Number:       04-1267

Dear Mr. Goldberg:

I am following up with you on your recent e-mail messages to Ken Charron of our company.

Per the terms of your e-mail, we will accept payment in the amount of $1,102.48 in satisfaction of our client's complete interest in this matter. I have enclosed a contingent release to document this agreement. In addition, the health plan will no longer pursue any claims on behalf of our client against GEICO under your client's no-fault coverage. We will consider payment of the above amount to us as a final conclusion to all of the health plan's subrogation/reimbursement claims in this matter. As we have never taken an assignment of your client's no-fault rights, it would not appear that there would be a necessity of a granting of a reversal of Assignment of No-fault Benefits back to your client. However, I will take the opportunity to send a copy of this letter to Beverly Williams at GEICO so that their office will have a record of the health plan's withdrawal of any claims against them in this matter in exchange for the payment from you as outlined above.

We thank you for your cooperation and professional courtesy during the pendency of this matter. Should you have any questions, please feel free to contact us.

Sincerely,

Jeffrey C. Borden
Associate General Counsel to
The Rawlings Company LLC
(502) 814-2165
FAX:  (502) 584-8580

cc: Beverly Williams / GEICO

# The Rawlings Company LLC
Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

January 26, 2007

Mr. Michael M Goldberg
Attorney at Law
319 Fifth Ave
3rd Floor
New York, NY 10016

Re:    Our Client:        HN of the NE - Guardian
       Member:           ADRIENNE HASKELL
       Injured Party:    ADRIENNE HASKELL
       Date of Loss:     12/03/04
       Our File No.:     05HNG0900013

## CONTINGENCY RELEASE AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

That, HN of the NE - Guardian, upon receipt of $1,102.48, hereby releases ADRIENNE HASKELL

from any and all claims and liens for subrogation or reimbursement for **medical expenses** which the

undersigned now has or which may hereafter accrue as a result of the accident, casualty or event which

occurred on or about 12/03/04.

HN of the NE - Guardian

By: _Jeffrey C. Borden_
Jeffrey C. Borden
Authorized Representative

Date: _1/26/07_

S

# The Rawlings Company LLC
### Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

November 09, 2006

ADRIENNE HASKELL
APT. 3
54 LEXINGTON AVENUE
BROOKLYN, NY 11238

| Re: | Our Client: | Health Net - Guardian |
| | Insured/Patient: | ADRIENNE HASKELL/ADRIENNE HASKELL |
| | Date of Loss: | 12/03/2004 |
| | Our File No.: | 05HNG0900013 |

Dear ADRIENNE HASKELL:

The Rawlings Company, LLC is handling the above-referenced matter on behalf of .  It is our understanding that you have settled your claim with the responsible third party or their insurance carrier. **According to the attached court documents, this claim was settled for $5000.00 on 08/16/2006.**

Our client is entitled to recover the medical benefits it paid on your behalf in the amount of $1,657.73 from the proceeds of your settlement.

Within 30 days from the date of this letter, please forward the amount stated above made payable to THE RAWLINGS COMPANY, LLC and mail to my attention, c/o The Rawlings Company, Subrogation Division, P.O. Box 740027 Louisville, KY 40201-7427.

If you have any questions, please contact me at the number listed below.  Thank you for your cooperation.

Sincerely,

Subrogation Analyst
(502) 814-2672
(800) 928-1279
FAX: (502) 587-5558
kfc@rawlingscompany.com

c. The Services which Members are entitled to receive under this Certificate of Coverage are not designed to duplicate any payment for Services to which Members are entitled under the Medicare program. All sums payable for Services provided to Members pursuant to Medicare are deemed to be assigned to PHS. It will be the Member's responsibility to complete and submit to PHS such consents, releases, and assignments as may be requested by PHS in order to obtain or assure reimbursement under Medicare.

## SECTION X - SUBROGATION

A. If a Member is enrolled in PHS through a Group and the Member suffers an injury or illness for which another party may be responsible, such as being injured in an accident, and PHS pays benefits as a result of that injury or illness, PHS will be subrogated and succeed to the right of recovery against the party responsible for the Member's illness or injury to the extent of the benefits PHS has paid. This means that PHS has the right independently of the Member to proceed against the party responsible for the Member's injury or illness to recover the benefits PHS has paid. (The Member agrees to reimburse PHS for costs PHS incurs for services provided for the injury for which the Member recovers damages, but not more than the money collected.)

B. With respect to group and individual policies of mandatory automobile fault and/or mandatory no-fault insurance containing medical payments provisions, the liability of this Certificate of Coverage shall be reduced by all amounts paid or payable, or which in the absence of PHS would be payable by such insurance policies required by New York Law for automobiles owned and registered within the State of New York. The Member shall execute and deliver such instruments and take such other action as PHS may require to implement the provisions of this Section of this Certificate of Coverage. Without the consent of PHS, no actions of the Member shall prejudice the rights given to PHS by this provision.

## SECTION XI - TERMINATION

A. Subject to any conversion/continuation privilege which may be available to a Member, a Member's eligibility under this Certificate of Coverage shall terminate upon any of the following events:

1. Upon the Subscriber's death, this Certificate of Coverage shall terminate at the end of the month for which premium has been paid.

2. If a Member ceases to be within the definition of a Family Unit, the Member's coverage shall terminate as of either the date of the Disqualifying Event, or the end of the month in which the Disqualifying Event occurs, depending upon the billing arrangement between PHS and the Employer Group.

3. Fraud by the Member, in applying for this Certificate of Coverage or for any of its benefits, including but not limited to misrepresentations of Member eligibility, misrepresentation of the employee-employer relationship, will cause this Certificate of Coverage and/or the Member's coverage to be retroactively terminated at PHS's discretion upon thirty (30) days prior written notice. No Conversion Privilege will be extended.

*Option A*

4. Fraud by the Member, in obtaining any Services under this Certificate of Coverage, or under any Rider to this Certificate of Coverage, will cause this Certificate of Coverage and/or the Member's coverage to be retroactively terminated at PHS's discretion upon thirty (30) days prior written notice to the original date of coverage or the date on which the fraudulent act took place. No Conversion Privilege will be extended.

5. Upon the failure of the Employer Group to pay the premium due or upon notice to PHS that premium no longer will be paid, this Certificate of Coverage shall terminate as of the last day of the last month for which premium has been paid.

6. If the Member ceases to be eligible as a Member, this Certificate of Coverage shall terminate at the point in time that is designated by the Employer Group and PHS and for which premiums have been paid.

EXHIBIT 5

Nove      , 2000

**MERIDIAN**₀
RESOURCE CORPORATION

MICHAEL GOLDBERG
ATTORNEY AT LAW
711 3RD AVE, STE 1505
NEW YORK CITY, NY 10017

*Itemization to follow with seperate cover sheet.*

Recovery Services
20725 Watertown Road
Waukesha, WI 53186
Tel 262.312.8051
FAX 262.312.8090

Re: Your Client/Patient: MURRAY EISENMAN
    Our Client:      EMPIRE BLUE CROSS BLUE SHIELD/IBM CORP.
    Our Member:   MURRAY EISENMAN
    Member ID #:   126282335
    Date of Loss:   09/25/1998

Dear Attorney Michael Goldberg:

Please be advised that EMPIRE BLUE CROSS BLUE SHIELD/IBM CORP. has contracted with Meridian Resource Corporation to pursue this subrogation claim. By way of this letter, we are notifying you of our client's subrogation/reimbursement rights and our claim for reimbursement of the medical benefits that have been paid out.

Your client is/was the beneficiary of an employee welfare benefit plan established and maintained by our client, which is governed by the Employee Retirement Income Security Act (ERISA) of 1974. As you may know ERISA pre-empts many state laws.

To date, $698.67 in medical expenses have been paid for your client. This amount may change if there is additional treatment. We have placed the insurance carrier on notice of our claim. Meridian Resource Corporation, on behalf of our client, holds the only right of reimbursement for these medical benefits paid out.

If appropriate under state law, Meridian Resource Corporation, on behalf of our client, requests to be made a party to any litigation concerning the above personal injury. Within thirty days, please acknowledge in writing your receipt of this letter and notice of our client's claim. If suit is started or settlement is approaching, please notify us immediately.

The above member will receive a copy of this letter. Please call if you have any questions. Thank you for your cooperation in this matter.

Sincerely,

Cindy Morgan
Cindy Morgan
Senior Claim Representative
(262) 312-8079
p

IRS/ICBc (11/99)



MERIDIAN.
RESOURCE CORPORATION

January 31, 2001

Recovery Services
20725 Watertown Road
Waukesha, WI 53186
Tel 262.312.8051
FAX 262.312.8090

MICHAEL GOLDBERG
ATTORNEY AT LAW
711 3RD AVE, STE 1505
NEW YORK CITY, NY 10017

Re: Your Client/Patient: MURRAY EISENMAN
  Our Client:        EMPIRE HEALTHCHOICE/IBM CORP.
  Our Member:        MURRAY EISENMAN
  Member ID #:       126282335
  Date of Loss:      09/25/1998

Dear Attorney Michael Goldberg:

I am currently in the process of updating my file concerning the above captioned loss.  Could you please send a status report on the current progress of this claim.  A note at the bottom of this letter would be sufficient.

Thank you for your cooperation and consideration in this matter.

Sincerely,

Cindy Morgan
Senior Claim Representative
(262) 312-8079

MORRISON COHEN SINGER & WEINSTEIN, LLP
750 Lexington Avenue
New York, New York 10022
(212) 735-8600

PRIORITY:
SEND IMMEDIATELY_____
SEND WITHIN 1 HR. _____
SEND BY END OF DAY____

## FACSIMILE COVER LETTER

NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND IMMEDIATELY RETURN THE ORIGINAL MESSAGE AND ALL ENCLOSURES TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

## PRIVILEGED AND CONFIDENTIAL

Date:  March 15, 2002
Time:  6:53 PM

1 Pages (including this sheet)
Client/Matter No.: 15277-261

SEND TO:    Name:    Michael Goldberg, Esq.
            Company:
            City/State:

            Facsimile No.:    212-481-4144
            Telephone No.:    212-481-0011

FROM:            Name:    Howard Wolfson, esq.
        Sender's Direct Dial No.:    (212) 735-8872

COMMENTS TO RECEIVER:

RE ;; Murray Eisenman, your file # 98-1009. My client will reduce the lien by 20% if that will resolve this matter . If agreeable, please forward a check to me in the amount of $1,699.21 payable to Meridian Resource Corporation . If this is not agreeable, I suggest you escrow the full lien amount until we get a ruling from the court . Please advise.

Our Facsimile Number is (212) 735-8708
Please contact the Copy Center at (212) 735-8790 if there are any problems with this transmission.

EXHIBIT 6



## LAW OFFICES OF MICHAEL M. GOLDBERG, P.C.

319 FIFTH AVENUE - 3RD FLOOR
NEW YORK, NEW YORK, 10016

MICHAEL M. GOLDBERG
ADMITTED IN NY & NJ

TEL (212) 481-0011
FAX (212) 481-4144
EMAIL: ESQUIRE727@MINDSPRING.COM

CERTIFIED MAIL  RRR
FIRST CLASS MAIL

February 21, 2002

Meridian Resource Corporation
Recovery Services
20725 Watertown Road
Waukesha, WI 53186
Attn: Sherry Arenos

Re: Murray Eisenman
Member ID#: 126282335
D/A: September 25, 1998
Our File No.: 98-1009

Dear Ms. Arenos:

We are in receipt of your lien letter dated February 8, 2001. Please be advised that this office has received a settlement offer in the amount of $17,500.00 for our client's pain and suffering. Pursuant to the terms of your letter, we are advising you of same. However, we dispute the validity of your lien as follows:

First and foremost, the settlement that we will receive is only for pain and suffering. Our case did not include a claim for medical expenses. As such, we do not believe that you entitled to a portion of our client's settlement. Furthermore, you have not provided us with a signed lien letter from our client. Without same, we willing not recognize your lien. Finally, you have not yet provided us with a copy of our client's (your insured's) insurance policy that provides for recovery against settlements.

If you have any further questions concerning this matter, please do not hesitate to contact the undersigned. If we do not hear from you within thirty days of the date of this letter, we will assume that you are forfeiting any and all claims that you have against this case and will settle this mater.

Very truly yours,

MICHAEL M. GOLDBERG

MMG/LM

EXHIBIT 7

# INGENIX.

12125 Technology Drive MN002-0220  I  Eden Prairie, MN 55344

January 24, 2008

VIA FACSIMILE & U.S. MAIL

Law Office Of Micheal Goldberg
Micheal Goldberg
4TH FLOOR
31 E 32ST
MANHATTAN , NY 10016

RE:     Injured Party:     Amelia Trinchese
        Date of Injury:     11/11/2004
        Group:              NEW YORK STOCK EXCHANGE, #000184310
        Our File #:         7465773

Dear Micheal Goldberg,

This letter will formally notify you that UnitedHealthcare has retained Ingenix Subrogation Services to pursue a recovery for medical benefits that have been or may be paid by them on behalf of Amelia Trinchese for the treatment of injuries sustained arising out of the above captioned injury. **Please contact us prior to settlement to obtain the total amount of paid benefits.**

Our client has a right to pursue other sources of payment including insurance companies, for reimbursement of the medical benefits it has paid.

Please notify us immediately if you have already obtained a recovery from some other party. Our client asserts a subrogation and/or reimbursement interest on any settlement proceeds and demands reimbursement of the medical benefits paid. The proceeds of your client's settlement are funds that, under the subrogation clause in the health plan, must be returned to the NEW YORK STOCK EXCHANGE, #000184310 plan. Once these funds come into your possession, you should hold them in trust until such time as our client's interest has been severed from the interest of your client. Please contact me if you would like to discuss this matter. Also, please direct all future correspondence relating to our client's subrogation/reimbursement rights to my attention. Thank you for your assistance.

Sincerely,

Dawn Hughes/SG
Recovery Analyst
Phone: 301-360-8119
Fax: 800-344-1043

# INGENIX.

12125 Technology Drive MN002-0220 | Eden Prairie, MN 55344

July 17, 2008

*Confidential*
*Via fax and mail*

LAW OFFICE OF MICHEAL GOLDBERG
MICHEAL GOLDBERG
4TH FLOOR
31 E 32ST
MANHATTAN , NY 10016

RE:   **Injured Party:   Amelia Trinchese**
      **Date of Injury:   11/11/2004**
      **Group:   NEW YORK STOCK EXCHANGE, #000184310**
      **Our File Number: 7465773**

Dear Micheal Goldberg,

This letter is a follow up to our prior communications. Ingenix Subrogation Services has been retained to pursue a recovery for the medical benefits that have been paid arising out of the above captioned injury.

In response to your letter dated July 8, 2008, Ingenix is still seeking reimbursement. To date, medical benefits in the amount of $2,796.20 have been paid on behalf of Amelia Trinchese for the treatment of injuries sustained. The amount of paid benefits may increase, unless Amelia has completed treatment for this injury. **Please contact us prior to settlement to obtain the total amount of paid benefits.**

Ann Kessler
Recovery Analyst
Phone: 952.833.6433
Fax: 888.496.8394

EXHIBIT 8

**Alicare**  *An Affiliate of Amalgamated Life*

Alicare, Inc.

730 Broadway
New York, NY 10003-9511
212-539-5000
fax: 212-780-4108

June 28, 2006

Ms. Parbatie Ram
84 Salem Avenue
West Babylon, N.Y. 11704

**RE: Participant:    Parbatie Ram**
      **ID#/Fund:** ███████ **(AW)**
      **Patient:**           **Same**
      **Date of Loss:**   **11/11/05**
      **Date of Service: 11/11/05**
      **Claim#:**            **W61243298**

Dear: Ms. Parbatie Ram,

The above claim(s) and all related claims are a direct result of an accident or potential negligence by a third party.

Alicare Inc. is processing your claim on behalf of your Fund. We are requesting the attached lien assignment form be completed, notarized and returned to us as soon as possible. **Please submit a copy of the Police Accident Report if available, or if applicable.** Under subrogation, the Fund can be reimbursed on any Accident & Health claims including disability it has paid in your behalf.

If your claim is the direct result of an automobile accident, please provide us the name, address, telephone number and policy number of your automobile insurance carrier. If another vehicle was involved in the accident, please provide all information on the insurance of the other automobile carrier.

If your accident is not the result of an automobile accident and there is personal injury insurance which may make payments on your medical claims, please give us the name, address, telephone number and policy number of that insurance.

Once a settlement is made with the insurance company, please contact this office regarding the amount owed the Fund. If you have an attorney handling your case, please give him/her a copy of this policy and assignment. Once a settlement has been made on your behalf, your attorney must contact this office regarding the amount owed to the Fund.

If you have already received the attached forms and have returned them to us, it is not necessary to have them completed or notarized again.

Sincerely,
Pamela McArthur,
Coordinator, Special Investigations Unit

cc: Healthcare Recoveries, Inc.

**Healthcare**Recoveries
P.O. Box 36380
Louisville, KY 40233

Fax: (502) 454-1291

August 22, 2006

MICHAEL GOLDBERG ATTORNEY AT LAW
319 5TH AVE 3RD FLOOR
NEW YORK NY 10016-

RE:  Health Plan Member:   PARBATIE RAM
     Health Plan:          AMALGAMATED LIFE INSURANCE COMPANY
     Date of Injury:       11/11/2005
     Event Number:        7802732-7796933
     Your Claim Number:

To Whom It May Concern:

Please be advised that Healthcare Recoveries provides recovery services (through subrogation, reimbursement, or otherwise) to the above-named Health Plan. The purpose of this letter is to serve as the Health Plan's formal notice to you of its recovery rights.

You should be aware that this Health Plan is a self-funded plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), as amended. As such, any recovery language in the Plan is generally enforceable as written. The Health Plan, therefore, has the right to be reimbursed for benefits it has provided in the event that any compensation is received from another source.

Please contact me prior to settlement so that I may furnish you with an up-to-date total of any benefits provided by the Health Plan as a result of this loss.

Sincerely,

*Jody Spoden*

Jody Spoden
(800) 340-6517

7802732-7796933/NNBE

*4/24/08*
*she will Refax Lien.*
*- called L/M*
*- she will fax.*

*Rec'd*

**Healthcare**Recoveries
P.O. Box 36380
Louisville, KY 40233

Fax: (502) 454-1291

May 14, 2007

MICHAEL GOLDBERG ATTORNEY AT LAW
319 5TH AVE 3RD FLOOR
NEW YORK NY 10016-

RE: Our Insured/Member:    PARBATIE RAM
    Health Plan:            AMALGAMATED LIFE INSURANCE COMPANY
    Date of Injury:         11/11/2005
    Event Number:           7802732
    Your File/Claim Number:
    Your Insured/Client:

To Whom It May Concern:

Attached is an updated Consolidated Statement of Benefits provided by the above-referenced Health Plan to date. It is our understanding that all of these benefits are related to the date of injury shown above.

This total is not final. Please contact our office before settlement so we may give you the final figures. You should be aware that this Health Plan is a self-funded plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), as amended. As such, any recovery language in the Plan is generally enforceable as written. The Health Plan, therefore, has the right to be reimbursed for benefits it has provided in the event that any compensation is received from another source. If you require further information or clarification, please contact us.

If sending payment, **please remember to include the Healthcare Recoveries event number and member name on/with the check.**

Sincerely,

*Jody Spoden*

Jody Spoden
(800) 340-6517

7802732-7796933/UCSBE

C⟶08 THU 02:13 PM                          FAX NO.

**Healthcare**Recoveries
P.O. Box 36380                    FAX: (502) 214-1291
Louisville, KY  40233

April 24, 2008

      MICHAEL GOLDBERG ATTORNEY AT LAW
      319 5TH AVE 3RD FLOOR
      NEW YORK NY 10016-

RE:   Our Insured/Member:    PARBATIE RAM
      Health Plan:          AMALGAMATED LIFE INSURANCE COMPANY
      Date of Injury:         11/11/2005
      Event Number:        7802732
      Your File/Claim Number:
      Your Insured/Client:

To Whom It May Concern:

Attached is an updated Consolidated Statement of Benefits provided by the above-referenced Health Plan to date.  It is our understanding that all of these benefits are related to the date of injury shown above.

This total is not final.  Please contact our office before settlement so we may give you the final figures. You should be aware that this Health Plan is a self-funded plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), as amended.  As such, any recovery language in the Plan is generally enforceable as written.  The Health Plan, therefore, has the right to be reimbursed for benefits it has provided in the event that any compensation is received from another source. If you require further information or clarification, please contact us.

If sending payment, please remember to include the Healthcare Recoveries event number and member name on/with the check.

Sincerely,

*Jody Spoden*

Jody Spoden
(800) 340-6517

7802732-7796933/UCSBE

EXHIBIT 9



**HealthcareRecoveries**
P.O. Box 36380
Louisville, KY 40233

Fax: (502) 454-1291

January 11, 2006

*Lien Folder*

MICHAEL M GOLDBERG
31 EAST 32ND STREET
4TH FLOOR
NEW YORK NY 10016-

RE:  Your Client:        YVONNE N PRESCOTT
     Health Plan:        GROUP HEALTH INCORPORATED
     Date of Injury:     5/23/2003
     Event Number:       6983440-6977449

To Whom It May Concern:

Healthcare Recoveries is under contract to the Health Plan named above to provide recovery services (through subrogation, reimbursement, or otherwise). Your client is a Member of the Health Plan and the Health Plan has provided various medical benefits, either directly or through other medical providers, to your client in connection with his or her injury.

The Health Plan has recovery rights in the event that any compensation is recovered or recoverable by your client. The cooperation of your client in the Health Plan's efforts to obtain a recovery is hereby requested.

Healthcare Recoveries is in the process of placing all parties on notice that its client is a party with an interest in any settlements in this matter. Please complete the enclosed questionnaire and return to us in the postage-paid envelope enclosed for your convenience. If the case is in litigation, please attach a copy of the Complaint for our records.

Please contact me prior to settlement so that I may furnish you with an up-to-date total of any additional benefits provided by the Health Plan for this loss. Should you open settlement negotiations with any responsible party or insurer, please contact me so the Health Plan's interest can be addressed at the same time. However, should the case settle without the Health Plan's involvement, please retain an amount equal to the Health Plan's interest in trust and contact me in order to resolve this matter.

Do not hesitate to contact me if you have any questions.

Sincerely,

*Deanna R. Heinrich*

Deanna Heinrich
(866) 288-0556

Enclosures

**Healthcare**Recoveries
P.O. Box 36380
Louisville, KY 40233

Fax: (502) 454-1291

January 25, 2006

*1/26/06 Already in saga.*

MICHAEL M GOLDBERG
31 EAST 32ND STREET - 4TH FLOOR
NEW YORK NY 10016-

RE:     Your Client:       YVONNE N PRESCOTT
        Health Plan:       GROUP HEALTH INCORPORATED
        Date of Injury:    5/23/2003
        Event Number:      6983440-6977449

*Lien Folder*

To Whom It May Concern:

A review of our file indicates we wrote to you some time ago to inform you of the subrogation and/or recovery rights and intentions of your client's Health Plan, and to request necessary information from you.

I note that this information has not been received. I again enclose a questionnaire and ask that you complete it and return it to me as soon as possible. Your client may have a duty to cooperate in providing this information.

Upon receipt of the requested information, I will furnish you with an itemized Consolidated Statement of Benefits provided on your client's behalf by the Health Plan. You should contact me prior to any settlement so that I may furnish you with a final total of benefits provided.

Should you open settlement negotiations with any responsible party or insurer, please contact me so the Health Plan's interest can be addressed at the same time. However, should the case settle without the Health Plan's involvement, please retain an amount equal to the Health Plan's interest in trust and contact me in order to resolve this matter.

Thank you for your cooperation. If you wish to discuss this matter further, please call me.

Sincerely,

*Deanna R. Heinrich*

Deanna Heinrich
(866) 288-0556

Enclosure:    Attorney Questionnaire

6983440-6977449/ATTY2



**Healthcare**Recoveries
P.O. Box 36380
Louisville, KY 40233

Fax: (502) 454-1291

May 16, 2006

MICHAEL M GOLDBERG
31 EAST 32ND STREET - 4TH FLOOR
NEW YORK NY 10016-

RE:    Health Plan:        GROUP HEALTH INCORPORATED
       Date of Injury:     5/23/2003
       Member Name:        YVONNE N PRESCOTT
       Event Number:       6983440-6977449
       Your File Number:

To Whom It May Concern:

Please provide us with the status of this case by making the appropriate indications below.

| Case Status |
|---|
| ☐ Case not settled.  When do you expect case to settle? |
| ☐ Case in litigation/arbitration? |
| ☐  Date suit filed:    /    / |
| ☐ Claim Pending. Health Plan's interest is noted and will be protected. |
| ☐ The case settled on      /    /        for $ |
| ☐ Settlement funds were disbursed to                    on     /    / |
| ☐ Medicals *were* included in the settlement.  *Documents proving this are attached.* |
| ☐ Medicals *were not* included in the settlement.  *Documents proving this are attached.* |
| ☐ Case in litigation/arbitration. |
|    Court Date: _____ |
|    Case Number:_____ |
|    Court Filed In: _____ |
| ☐ We no longer represent the member. |
| This form was completed by: |
| *(Please print name and date)* |

Your prompt response is appreciated. For your convenience our fax number is (502) 454-1291 should you decide to fax us your response.

Sincerely,

*Deanna R. Heinrich*

Deanna Heinrich
(866) 288-0556



**Healthcare**Recoveries
P.O. Box 36380
Louisville, KY 40233

FAX: (502) 214-1291

July 1 , 2008

MICHAEL M GOLDBERG ATTORNEY AT LAW
31 EAST 32ND STREET - 4TH FLOOR
NEW YORK NY 10016-

RE:  Health Plan:       GROUP HEALTH INCORPORATED
     Patient:           YVONNE N PRESCOTT
     Date of Injury:    5/23/2003
     Event Number:      HRI 6983440-6977449

To Whom It May Concern:

Healthcare Recoveries has been advised that the above-referenced Patient's claim has settled. Since a settlement has been reached, the amount owed to GROUP HEALTH INCORPORATED requires resolution.

GROUP HEALTH INCORPORATED has provided medical benefits for YVONNE N PRESCOTT in the amount of $3955.00, for treatment rendered as a result of this accident. A Consolidated Statement of Benefits is enclosed.

Please forward your payment promptly to the address at the top of the page. **Be sure to include the Healthcare Recoveries event number and Patient name on/with your check.** Thank you in advance for your attention to this unresolved matter.

Sincerely,

*Deanna R. Heinrich*

Deanna Heinrich
(866) 288-0556

6983440-6977449/CSSM

EXHIBIT 10

# The Rawlings Company LLC
Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

December 16, 2003

Mr. Michael Goldburg
Attorney at Law
319 5th Ave 3rd Fl
New York, NY 10016

Re:    Our Client:         Aetna
       Member/Patient:     CARLINE JEAN-PIERRE/CARLINE JEAN-PIERRE
       Date of Loss:       05/30/03
       Our File No.:       03AAL1200129

## NOTICE OF CLAIM/LIEN

Dear Mr. Goldburg:

This letter shall serve as notice that our client has a claim/lien for medical benefits paid on behalf of the patient for the above-referenced loss. This claim/lien applies to any amount now due or which may hereafter become payable out of any recovery (or recoveries) collected (or to be collected), whether by judgment, settlement or compromise, from any party hereby notified. No settlement of the tort claim, which includes medical expenses, should be made prior to notifying our office of the potential settlement and reaching an agreement for satisfaction of our client's interest.

We are notifying all interested parties of our client's claim/lien. Please provide all pertinent information regarding all parties, their insurance carriers, and/or legal representatives. We expect the member's good faith cooperation with our efforts to protect the health plan's interest, as well as that of any designated representative.

Please acknowledge receipt of this notice and your representation of the patient by completing the enclosed information form and returning it to me as soon as possible. I look forward to your cooperation.

Sincerely,

Alma A. Ranschaert
Senior Subrogation Analyst
(502) 814-2387
FAX: (502) 587-1093
aah@rawlingscompany.com

S

**The Rawlings Company LLC**
Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1274

December 17, 2003

Mr. Michael Goldburg
Attorney at Law
319 5th Ave 3rd Fl
New York, NY 10016

Re:  Our Client:        Aetna
     Member/Patient:    CARLINE JEAN-PIERRE/CARLINE JEAN-PIERRE
     Date of Loss:      05/30/03
     Our File No.:      03AAL1200129
     Your Client:       Carline Jean-Pierre

Dear Mr. Goldburg:

This letter will confirm our agreement to settle the above referenced matter. We have agreed that my client's claim shall be settled in return for $545.00. Please make your check payable to **THE RAWLINGS COMPANY** and mail to my attention at the following address:

**The Rawlings Company**
**ATTN: Alma A. Ranschaert**
**File No.: 03AAL1200129**
**Subrogation Division**
**P.O. Box 740027**
**Louisville, KY 40201-7427**

If the above does not accurately reflect our agreement, please notify me immediately. Otherwise, I look forward to receiving payment within the next 30 days. Thank you for your cooperation in this matter.

Sincerely,

Alma A. Ranschaert
Senior Subrogation Analyst
(502) 814-2387
FAX: (502) 587-1093
aah@rawlingscompany.com

S

EXHIBIT 11

**The**
**Rawlings Company** LLC

Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

April 07, 2005

Mr. Michael Goldberg
Attorney at Law
319 5th Ave
3rd Floor
New York, NY 10016

Re:   Our Client:        Oxford Health Plan
      Member/Patient:    MARION FORRESTER/MARION FORRESTER
      Date of Treatment: 11/24/2004
      Our File No.:      05OXF0400047

### NOTICE OF CLAIM

Dear Mr. Goldberg:

This letter shall serve as notice that our client has a claim for medical benefits paid on behalf of the patient for the above-referenced loss. This claim applies to any amount now due or which may hereafter become payable out of any recovery collected, whether by judgment, settlement or compromise, from any party hereby notified. No settlement of the tort claim, which includes medical expenses, should be made prior to notifying our office of the potential settlement and reaching an agreement for satisfaction of our client's interest.

We are notifying all interested parties of our client's claim. Please provide all pertinent information regarding all parties, their insurance carriers, and/or legal representatives. We expect the member's good faith cooperation with our efforts to protect the health plan's interest, as well as that of any designated representative.

Please acknowledge receipt of this notice and your representation of the patient by completing the enclosed information form and returning it to me as soon as possible. I appreciate your courtesy and cooperation.

Sincerely,

Scott Farmer
Subrogation Analyst
(502) 814-2450
FAX: (502) 753-6893
saf@rawlingscompany.com

S

## REQUEST FOR CLAIM INFORMATION

Member/Patient:    MARION FORRESTER/MARION FORRESTER
Our File No.:      05OXF0400047
**Please return or fax form to: Scott Farmer  FAX: (502) 753-6893**

I.    Date of Loss: _____

II. A. Adverse Persons/Organizations          B. Med Pay/No-Fault/UM/UIM

    Adverse Party Name                  Insured Party Name

    Insurance Company Name         Insurance Company Name

    Insurance Company Address      Insurance Company Address

    Insurance Company Phone        Insurance Company Phone

    Coverage Amount                 Coverage Type

    Claim #/Adjuster Name           Coverage Amount

    Defense Attorney Name           Claim #

    Defense Attorney Address       Adjuster Name

    Defense Attorney Phone

III.   A.    Has a lawsuit been filed?   Yes _____   No _____

      B.    This case was settled prior to this inquiry, and the date was _____ and the amount
             was $_____.

IV.    If suit has been filed please complete.

      A.    City, County and State of suit: _____

      B.    Case #/Docket #: _____

      C.    Trial/Mediation/Arbitration Date: _____

**I hereby represent that I am the attorney for MARION FORRESTER.**

               Attorney: _____
                          Michael Goldberg

               Date: _____

May 2, 2005

Mr. Michael Goldberg
Attorney at Law
319 5th Ave
3rd Floor
New York, NY 10016

Re:   Our Client:        Oxford Health Plan
      Member/Patient:    MARION FORRESTER/MARION FORRESTER
      Date of Loss:      11/8/2004
      Our File No.:      05OXF0400047
      Your Client:       Marion Forrester
      Your Number:       04-1244

Dear Mr. Goldberg:

Enclosed, please find a summary of the medical expenses paid by our client on behalf of MARION FORRESTER.

This summary includes all expenses paid from the date of the accident to the present. If any of the charges are unrelated to the accident, please notify me promptly. This summary is good for settlement purposes for 30 days from the date of this letter.

Sincerely,

Scott Farmer
Senior Recovery Analyst
(502) 814-2450
FAX: (502) 753-6893
saf@rawlingscompany.com

Healthcare information is personal and sensitive information, and you, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Disclosure of this information without additional patient consent or as permitted by law is prohibited.

EXHIBIT 12

LAW OFFICES OF MICHAEL M. GOLDBERG, P.C.
319 FIFTH AVENUE - 3RD FLOOR
NEW YORK, NEW YORK 10016

MICHAEL M. GOLDBERG
ADMITTED IN NY & NJ

TEL (212) 481-0011
FAX (212) 481-4144
EMAIL:ESQUIRE727@MINDSPRING.COM

**CERTIFIED MAIL  RRR**

April 19, 2005

The Rawlings Company, LLC
P.O. Box 740027
Louisville, Kentucky 40201-7427

Attn:  SCOTT FARMER

Certified Article Number

7160 3901 9848 7596 4296

SENDERS RECORD

Re:   Our client Marion Forrester
      D/A: November 8, 2004
      Your file #: 05OXF0400047
      Our File No.: 04-1244

Dear Mr. Farmer:

We are in receipt of your letter dated April 7, 2005.  Please provide us with an itemization of your lien and the contractual language granting you the right for same.

If we do not receive this material in a timely fashion, we will deny your lien.

Very truly yours,

MICHAEL M. GOLDBERG

MMG/lm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN KESSELMAN, on behalf of himself and all other persons similarly situated, WANDA BENTLEY, on behalf of herself and all other persons similarly situated, ZOE CHAIT, on behalf of herself and all other persons similarly situated, ADRIENNE HASKELL, on behalf of herself and all other persons similarly situated, MURRAY EISENMAN, on behalf of himself and all other persons similarly situated, AMELIA TRINCHESE, on behalf of herself and all other persons similarly situated, PARBATIE RAM, on behalf of herself and all other persons similarly situated, and YVONNE PRESCOTT, on behalf of herself and all other persons similarly situated, CARLINE JEAN-PIERRE on behalf of herself and all other persons similarly situated and MARION FORRESTER, on behalf of herself and all other persons similarly situated,

Plaintiffs,

-against-

THE RAWLINGS COMPANY LLC, HEALTHCARE RECOVERIES, INC., INGENIX, INC., MERIDIAN RESOURCE COMPANY, LLC, AETNA HEALTH INC., d/b/a AETNA HEALTH INSURANCE COMPANY OF NEW YORK, HEALTH NET OF NEW YORK, INC., HEALTH INSURANCE PLAN OF GREATER NEW YORK, d/b/a HIP INSURANCE COMPANY OF NEW YORK, UNITED HEALTHCARE OF NEW YORK, INC. d/b/a UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, EMPIRE HEALTHCHOICE ASSURANCE, INC., d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, EMPIRE HEALTHCHOICE HMO, INC., d/b/a EMPIRE BLUE CROSS AND BLUE SHIELD, OXFORD HEALTH PLANS, LLC f/k/a/ OXFORD HEALTH PLANS INC., AMALGAMATED LIFE INSURANCE COMPANY, GROUP HEALTH INCORPORATED, and CORPORATE DOES NOS. 1-1299,

Defendants.

---

## SUMMONS & COMPLAINT

| GOLDBERG & CARLTON, PLLC | LAW OFFICES OF MICHAEL M. GOLDBERG, P.C. |
|---|---|
| Co-*Attorneys for* Plaintiffs | Co-*Attorneys for* Plaintiffs |
| 31East 32nd Street | 31 East 32nd Street - 4th Floor |
| New York, New York 10016 | New York, New York 10016 |
| (212) 683-9559 | (212) 481-0011 |